## NANTUCKET.

At a meeting for the choice of a representative, the selectmen refused to put or hear debate upon a motion, regularly made and seconded, that no representative should be sent, and ordered the voters to bring in their votes. The voters insisting upon their right to debate the motion, the chairman of the selectmen ordered the sheriff to read the riot act, which was done, and thereupon about half of those present left the meeting. During these proceedings and afterwards votes were received, being handed from one to another till they reached the ballot box. An election so made was held void.

THE election of Micajah Gardner, returned a member from the town of Nantucket, was controverted by William Coffin and others,[1] on the ground, that the selectmen, at the meeting held in said town for the choice of a representative, refused to put a motion regularly made and seconded, that the town should not send any representative, and that, in other respects, the meeting was conducted in an irregular, illegal and tumultuous manner. They also alleged, that it was not warned in the manner prescribed by a vote of the town, passed November 18, 1725–6, and never since varied from, except in one or two extreme cases.

The committee on elections made the following report in this case, on the eighth of June[2]:—

" A meeting was holden in said town, on the seventh day of May now last past, for the choice of a representative or representatives from said town to the present general court; the proceedings at said meeting were orderly, until a motion was regularly made and seconded, that the town should not send any representative the present year, and several of the voters attempted to debate on that motion, which the selectmen, by their chairman, prevented, by declaring, that the meeting was not a meeting for debate, and that he could not receive the motion nor permit any debate to be had thereon; alleging that the motion was not contemplated by the warrant nor by the law; and precipitately left his seat and ordered the voters to bring in their votes. This refusal and conduct pro-

[1] 35 J. H. 14.  [2] Same, 120.

duced a very considerable degree of excitement in the meeting; the voters insisting upon their right to have the motion debated and decided, and the selectmen persisting in their refusal. The committee further report, that while the voters were insisting upon their rights as aforesaid, the chairman of the selectmen ordered the sheriff of the county to read the riot act, which was read by him accordingly; by which all the persons present were ordered to disperse. There were about four hundred persons present in and about the house, in which the meeting was held, about two hundred of whom obeyed the command of the riot act. While the riot act was reading, and after it was read, the selectmen received and continued to receive votes, (which were given in a most singular manner, being handed from one to another, until they arrived at the ballot-boxes) and declared Micajah Gardner to be chosen by all the votes excepting one.

The committee further report, that the disorder and confusion, which took place at the meeting, are to be attributed solely to the unconstitutional and illegal refusal of the selectmen to sustain the motion and hear debate thereon as aforesaid; and that there was no justifiable cause for ordering the riot act to be read, no riot existing at the time, nor any disorder, except what was produced by the conduct of the selectmen themselves.

After the decisions of the house of representatives,[1] and of the supreme judicial court,[2] that the right to send a representative is a corporate right, vested in towns, which right, of course, it is at the option of a majority of legal voters, present at a town-meeting for the choice of a representative, to waive or exercise; the committee cannot but express their surprise that the selectmen of Nantucket should have deprived the inhabitants of that town of that right.

The sitting member was not present at said meeting, and had no concern in the transaction.

From the above facts, evincing that the meeting aforesaid was conducted by the selectmen of said town in an an uncon-

[1] See the case of *Roxbury*, 1813–14, ante, 157.     [2] 7 Mass. Rep. 526; ante, 117.

stitutional and illegal manner, the committee report, that the supposed election of Micajah Gardner as a representative from the town of Nantucket to this house, on the seventh day of May now last past, was utterly void and of no effect, and that his seat be declared vacated."

The report was agreed to by a vote of 95 to 6.

An order was subsequently passed, directing the committee on accounts to receive and allow Mr. Gardner's account for travel as a member of the house.[1]